UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK J. MORRIS,<br><br>                       Plaintiff,<br><br>v.<br><br>DEPARTMENT OF THE NAVY,<br><br>                       Defendant. | Case No.: 17-CV-1000 JLS (AGS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING ACTION WITHOUT PREJUDICE**<br><br>(ECF No. 2) |

     Presently before the Court is Plaintiff Derek J. Morris's Motion to Proceed *In Forma Pauperis* ("IFP"). ("IFP Mot.," ECF No. 2.) Plaintiff appears to have appealed his removal by the Navy on allegedly discriminatory grounds to the United States Court of Appeals for the Federal Circuit, which recently transferred the case to this Court because it lacked jurisdiction to review Plaintiff's appeal. (Compl., ECF No. 1-26 (Order Transferring Case).) The Federal Circuit also transferred Plaintiff's Motion to Proceed IFP, which is now pending before the Court.

     All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C.

§ 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). A federal court may authorize the commencement of an action without the prepayment of fees if the party submits an affidavit, including a statement of assets, showing that he is unable to pay the required filing fee. 28 U.S.C. § 1915(a).

In the present case, Plaintiff has not prepaid the required $400 filing fee, but has instead filed an application to proceed IFP pursuant to 28 U.S.C. § 1915(a). (*See generally* IFP Mot.) "One need not be absolutely destitute to obtain [the] benefits of the in forma pauperis statute," *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960), and "there is no formula set by statute, regulation, or case law to determine when someone is poor enough to earn IFP Status," *Escobedo v. Applebees*, 787 F.3d 1226, 1235 (9th Cir. 2015). However, a plaintiff must allege poverty "with some particularity, definiteness and certainty." *Escobedo*, 787 F.3d at 1234. This is because proceeding IFP is a privilege and not a right, and the decision to grant or deny an IFP petition "is a matter within the discretion of the trial court . . . ." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. 1963).

In the present case, Plaintiff's affidavit indicates that he has an average monthly income from retirement benefits of $2,500 and expects the same payment next month. (IFP Mot. 3–4.[1]) Additionally, Plaintiff's spouse has an average monthly income of $9,348 (from employment and real property), and expects the same payment next month. (*Id.*) Plaintiff estimates his monthly expenses to be $3,060, and his spouse's expenses to be $7,149, including $500 for recreation and entertainment. (*Id.* at 6–7.) Plaintiff also owns a home valued at $450,000 and another piece of real estate valued at $400,000. (*Id.* at 5.) He also owns a car valued at $2,500, and his spouse owns a car valued at $15,000. (*Id.*) Plaintiff has savings in the amount of $1,500, and his spouse has savings in the amount of $3,500. (*Id.*) Plaintiff also indicates that he has paid or will pay an attorney $10,000 to assist him with this case. (*Id.* at 7.)

---

[1] Pin citations to docketed material refer to the CM/ECF numbers electronically stamped at the top of each page.

As Plaintiff's Motion currently stands, the Court is not convinced that IFP status should be granted. Plaintiff principally argues that he "is not willing to exhaust his veteran pension to school loans and a matter involving the Merit Systems Protection and Department of the Navy," (*id.* at 3), but his affidavit demonstrates that he—and his spouse—can cover the initial filing fee. Plaintiff further argues that his spouse "has nothing to do with the federal question jurisdiction" of this case, (*id.*), but Plaintiff does not otherwise declare that his spouse is unwilling or unable to assist with the payment of this initial filing fee.

Because Plaintiff's IFP Motion fails due to the above deficiencies, the Court need not address the additional requirements for granting an IFP Motion under 28 U.S.C. § 1915. However, the Court nonetheless notes that it appears Plaintiff's complaint may fail for lack of a short and plain statement, *see* Fed. R. Civ. P. 8(a),[2] and for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), 5 U.S.C. §§ 7702, 7703(b)(2).

## CONCLUSION

For these reasons:

(1) Plaintiff's IFP Motion (ECF No. 2) is **DENIED** and the action is **DISMISSED WITHOUT PREJUDICE** for failure to prepay the $400 filing fee required by 28 U.S.C. § 1914(a).

(2) Plaintiff is **GRANTED** <u>forty-five (45) days</u> from the date on which this Order is electronically docketed in which to re-open his case by either: (1) paying the entire $400 statutory and administrative filing fee, or (2) filing a new IFP Motion that addresses the

/ / /
/ / /
/ / /

---

[2] This may be a function of Plaintiff initially filing his case with the Federal Circuit, so Plaintiff will have an opportunity to conform his filing to the requirements of the United States District Court for the Southern District of California.

3

above shortcomings identified by the Court. *Failure to re-open this case in the time allotted may result in a dismissal of this case with prejudice.*

**IT IS SO ORDERED.**

Dated: June 20, 2017

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge